# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.

MARLIN D. PURIFOY,

    Defendant.

Case Number: 3:03-cr-150/MCR

## ORDER OF DETENTION

    The Defendant appeared before the Court for a detention hearing on Thursday, December 11, 2025, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

    After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release pursuant to a Judgment in a Criminal Case and Defendant has not established by clear and convincing evidence that he is not a danger to the community for the following reasons.

    Defendant was initially sentenced in 2004 to 146 months of incarceration followed by 4 years of supervised release for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. Defendant began supervision on February 5, 2015, and approximately a year later, on February 7, 2016, attempted to kill his paramour with a hammer. *See* Gov't Exhs. 1-9. The violent assault was in front of her minor children and resulted

in them running to a neighbor's house to call 911, while their mother laid on the ground in their home bleeding from her significant injuries.

Defendant initially fled from the scene. After his arrest, he pled guilty to the charge and was originally sentenced to 30 years in prison. While in prison, Defendant assisted the State with a triple homicide investigation and, as a result, his sentenced was reduced and he was released from State custody in late October 2025. Approximately 5 days after that release, Defendant was taken into custody on a federal detainer for the instant violation of supervision warrant. Defendant has been in custody since that time.

Defendant argued that if released he intends to live with his cousin in Seffner, Florida, a city located in the Middle District of Florida. He also proffered that the victim of the 2016 attempted murder testified at his resentencing that she is not afraid of him and believes he should be released. Finally, Defendant proffered that he is a changed person and has attempted to turn his life around while he has been incarcerated, including attempting to get his GED.

When considering the factors under 18 U.S.C. § 3142(g), the Court finds that Defendant has failed to show by clear and convincing evidence[1] that he will not be a danger to the community if released. Notably, in the one year and a few days that Defendant was released from custody after serving a 12-year sentence, he committed a heinous and violent crime in front of minor children. Even if the Court were to accept that Defendant has since attempted to turn his life around, those efforts were made in a controlled environment – a prison. Defendant's recent five days of stability when he was released from State custody and before he was detained on the federal warrant is simply not enough to reasonably assure the Court the Defendant will not be a danger to the community if released.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections

---

[1] "Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an abiding conviction that the truth of its factual contentions are 'highly probable'").

facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on December 12, 2025

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

3:03-cr-150-MCR